Nash.J.
 

 The plaintiff’s bill cannot be sustained. The deed of a
 
 feme covert
 
 is of no effect in conveying her land, until she is privily examined by the proper authorities. Until then, the deed as to her is a blank paper — the title still remains in her. But though void as to her, it .i-s good and available as to her husband and transfers his life estate. Washington Barnes, "by the conveyance from the plaintiff and her husband, acquired nothing but the life '
 
 *323
 
 estate of the latter, which expired at his death. As soon as that event took place, the plaintiff, being the legal owner, was entitled to the possession of the land. She accordingly brought her action of ejectment to recover it from the tenant in possession. She says she is willing to .confirm the title of the vendee of her son, if the contract, made by her and her husband with him, is established, to*wit: a comfortable support under a decree of the Court, is provided for her. The Court has no power under that conveyance to make any such decree. The deed, which is made a part of the case, recites, that the consideration of it was the compromise of controversies, which had arisen concerning the property of her former htisbandThe cornpromise of a doubtful title is a valuable consideration to sustain a conveyance. The deed says noth*' ing of any support to be provided for the plaintiff by her son Washington.
 

 The plaintiff never having been privily examined touching her execution of the deed, it is void as to her, and she stands as if she had newer executed if, having the same title to the land, which she had before that instrument -Was made. If the. parol agreement, attempted to be set up by the bill, had been incorporated in her conveyance to her son','-it would not alter the law — the deed was void as to her, and she, therefore, could not have obtained a specific performance.
 

 Per Curiam.
 

 Bill dismissed.