## SUPREME COURT.

BENEDIX KOLLS agt. MARGARETTA DE LEYER, impleaded, &c.

*An action against a married woman will lie to charge her separate estate with damages which have resulted from her breach of covenants of warranty in conveying real estate owned by her.*

*Second District, Brooklyn General Term, March, 1864.*
BROWN, LOTT *and* SCRUGHAM, *Justices.*

APPEAL by defendant from an order overruling demurrer to plaintiff's complaint.

GEORGE H. FISHER, *for plaintiff.*

I. Although twenty-one objections are specified in the demurrer, it is believed that there are not so many points in the case, and, indeed, but one point of consequence.

II. It appears from the complaint, that the defendant, Margaretta, wife of the defendant, Anthony, being possessed of a separate estate, conveys a portion of that estate to the plaintiff, by a full covenant warranty deed, in which deed her husband unites, so far as to convey his interest, if any he has, but in which the covenants of warranty are made by her alone.

It appears that she is conveying a portion of her separate estate, because the complaint alleges that the property conveyed is her separate estate, and it further alleges that at the commencement of the action she is still possessed of a separate estate.

III. It further appears that at the time of the conveyance, taxes were unpaid, in breach of the warranty, and that such taxes continued unpaid, and were finally paid by the plaintiff. Action brought to recover the amount so paid, as a charge on her remaining separate estate.

IV. The only question of importance is, whether, under the circumstances stated, an action lies to charge the remaining separate estate of the defendant, a married woman, with the damages which have resulted from the breach of warranty.

The cases and the law are summed up in *Yale* agt. *Dederer* (8 *Smith*, *N. Y. R.* 450), and the result may be stated in language used by the court of appeals in the decision of that case, viz:

" In order to create a charge, &c., on estate of married women, the intention to do so must be declared in the contract, or the consideration must be obtained for the direct benefit of the estate itself."

1. In this case the contract is the warranty contained in the deed. The consideration was the consideration expressed in the deed.

It is submitted that no possible consideration could move more directly to the estate, for its benefit, than a consideration paid to the grantor, for a conveyance of a portion of that estate.

The court will not inquire in such a case, whether the sale was, on the whole, a favorable one for the estate. The " benefit to the estate " spoken of, is a technical expression, having reference to the connection of the transaction with the estate, and not to the nature of the transaction, whether favorable for the estate or otherwise.

Moreover, in a transaction, fair on its face, in which there is no suggestion of fraud, illegality, or attempt of any kind to impose upon, or take advantage of one side or the other, the court will presume that the transaction was mutually beneficial.

V. It is further observable that this incumbrance was a tax; and it does not admit of doubt, that the payment of a tax, lawfully imposed on an estate, or a portion of an estate, is for the benefit of that estate generally, or for the benefit of the whole estate.

VI. It is settled that the joinder of a defendant more than is necessary, does not justify a demurrer.

The " defect of parties " spoken of in the Code, is a deficiency of parties. (*Peabody* agt. *Wash. Ins. Co.* 20 *Barb.* 339 : 8 *How.* 389 ; 17 *N. Y. R.* 592 ; 12 *How.* 134; *id.* 17; 14 *How.* 517 ; 16 *How.* 325.)

VII. If it be objected that the complaint is not sufficiently definite and certain to lay the foundation for a judgment, a motion for that object would be proper, and not a demurrer.

F. Byrne, *for defendant.*

By the court, Brown, Justice. This is a demurrer to the plaintiff's complaint. The causes of demurrer are very numerous, and all of them, but one, very frivolous.

The defendant is a married woman, having a separate estate of her own.

Prior to the 1st day of February, 1858, and since the passage of the acts in regard to married women, and giving them the right to acquire, hold, use, grant and convey real property the same as *femes sole*, she acquired by purchase a lot of ground in the twelfth ward in the city of Brooklyn, the title to which she held in fee in her own right. On the 15th day of February, in the same year, being so seized of the said lot of ground, she conveyed the same to the plaintiff, by the usual deed of conveyance with covenants of seizin, and that the same were free from incumbrances of every description. There has been a breach of the last of these covenants; the estate at the time being incumbered with certain taxes, which the grantee (the plaintiff) has been compelled to pay to save the estate from sale, &c. All these facts appear by the complaint.

The question raised by the demurrer is, whether the duty, debt or obligation created by the covenants in the deed,

were directly beneficial to the estate of the grantor. This cannot be a debatable point. It is too plain, I think, for argument. The obvious effect of the covenants in a deed of conveyance, is to assure the title and enlarge the purchase money. No one doubts that the reason why the grantee demands and the grantor makes these covenants is, to afford the former a complete indemnity to the extent of the purchase money should the title fail.

This duty assumed by the grantor under the contract, may be, and often is, the principal inducement to the purchase. It enlarges the purchase money, and thus to an extent, more or less, is clearly for the benefit of the estate of the grantor. It may be said, although the remark is not necessary to the decision of the demurrer, that covenants of warranty, seizin, quiet enjoyment, are incident to and usually attend upon conveyances of real estate, and in the absence of all limitation and restraint upon the power of a married woman, the legislature, when conferring the right to acquire, use, grant, devise and convey real property in the same manner as *femes sole*, must have intended conveyances in the usual manner and with the usual covenants to assure the title.

The order overruling the demurrer should be affirmed, with costs.