A. C. SOUTHERLAND v. ELIZABETH STOUT.

Where a father having a life estate only, makes a deed in fee simple for land, with warranty; his heir, with or without assets, is rebutted by the warranty, except, in cases where the rule of the common law is changed by statue, or where the heir can connect himself with the outstanding remainder or reversion.

CIVIL ACTION, tried before *Mitchell, J.,* at Fall Term, 1872, of ASHE Court.

Plaintiff claimed two tracts of land, alleging that he was the owner of the same in fee.

Defendant denied all the allegations of the complaint.

On the trial plaintiff introduced a deed from one Cox to John Potter and a deed from Potter to Samuel McQueen and a deed from McQueen to the plaintiff. The deed from Cox to Potter conveyed only an estate for the life of Potter, but contained a clause of general warranty of the land to Potter and his heirs. The deed from Potter to McQueen was a deed in fee simple, and contained a covenant of general warranty from the grantor for himself and his heirs to the grantee and his heirs, and the deed from McQueen to the plaintiff was of the same character. It was admitted that these deeds all covered the land described in the complaint.

Plaintiff proved that defendant stated in a conversation that the said John Potter was her father and that she had

lived on the land all her life, and now claimed it as her own; she also stated that her father died in 1860. The deed from McQueen to plaintiff was dated 1861.

Defendant insisted that if this was so, as the deed from Cox to Potter conveyed only a life estate, the deed from Potter to McQueen passed an interest, and consequently it created no estoppel against Potter's heirs. His honor was of opinion with the defendant. Judgment for defendant. Plaintiff appealed.

*G. N. Folk, J. W. Todd,* for appellant.
*Furches, S. Trivett,* contra.

PEARSON, C. J. If the defendant, or her father, had purchased the reversion which remained in Cox, after the life estate was carved out, the very interesting question in respect to the doctrine of estoppel, which was argued by Mr. Folk with much learning, and upon which the case turned in the Court below, would have been presented to us for a decision. But neither the defendant nor her father acquired that reversion, and she defends this action against one claiming under her father, simply on the ground of an outstanding title in the heirs of Cox, with whom she has no connection.

"When both parties claim under the same person, neither shall deny the title of the person under whom both claim." The exception is not based on the idea of an estoppel, but is a rule of practice which has become a rule of law, adopted by the Courts for the administration of justice, by dispensing with the necessity of requiring the plaintiff to prove the original grant and mesne conveyances, (which in many cases it was out of his power to do,) upon proof that the defendant claimed under the same person. An exception is made to this exception when the defendant can show that the true title was in a third person, paramount to the title of the

person under whom the plaintiff and the defendant both claim ; and that the defendant has acquired this paramount title from such third person, or can connect himself with such third person, as by showing that he holds possession for him or under him. *Love* v. *Gales*, 4 Dev. & Bat., 363 ; *Copeland* v. *Sauls*, 1 Jones, 70; *Newlin* v. *Osborne*, 2 Jones, 163.

In our case both parties claim under Potter; certainly, if Potter had been sued after the death of Cox, he could not have defeated a recovery in the face of his own deed, on the ground of an outstanding title in the heirs of Cox ; and I am inclined to the opinion that the present defendant, who is his heir at law, upon whom his rights and duties devolved by act of law, as his real representative, stands in his shoes, and cannot in the face of the deed of her ancestor set up an outstanding title as a defence to an action brought by one claiming under the deed of her ancestors.

The decision, however, is not put upon that point, for besides the deed of the defendant there is a general warranty by which he binds himself and his heirs to warrant and defend the title to McQueen, which warranty the plaintiff acquired as incident to the estate derived from him—a covenant which runs with the estate. An heir is not bound by the warranty of his ancestor to render to the feoffee other lands of equal value, should the land be recoverved by tile paramount, unless he receives *real assets* from the warranting ancestor ; but according to the rule of the common law, an heir is rebutted from setting up claim to the land in all cases of warranty, whether lineal or collateral, except " warranties commencing by disseizen," whether he receives assets or not from the warranting ancestor.

The first exception made by statute to this rule of the common law is by Statute, Edw. I., which enacts, that the warranty of a tenant by the curtesy shall not rebut the heir of the wife, unless assets come from the husband.

The next exception is by force of the statute " *de donis*,"

upon the construction of which it was held, that the issue, or the remainderman or the reversioner, upon whom the warranty of the tenant in tail falls as his heir, shall not be rebutted, unless assets descend. The next exception is by force of the Statute Henry 7, that the warranty of a widow, shall not rebut the heir of the husband, except there be assets derived from the mother.

The last exception is by force of the Statute of Ann, which provides that the warranty of no tenant for life, shall rebut the remainderman or the reversioner upon whom 'the warranty falls as heir of such tenant for life, and that no collateral warranty shall rebut, except made by one having an estate of inheritance in possession, in which case it does rebut the remainderman or reversioner, upon whom the warranty falls as heir.

The Statute, Rev. Code, ch. 43, sec. 10, is a re-enactment of the Statute of Ann, made first because estates tail were converted into estates in fee simple. The last clause in the section was inserted to qualify the words, " abolished and void, used in the two preceeding clauses, by it such warranties, that is, collateral warranties, and all warranties descending upon an heir, entitled to a remainder or reversion, is allowed the effect of a personal covenant of quiet enjoyment, by which the heir if he receives real assets, is bound to pay to a purchaser, damages to the amount of the consideration paid for the land, in case of eviction by title paramount, in lieu of " other land of equal value," so as to put *such warranties* upon the same footing as lineal warranties which the Court had been forced, after the action of ejectment was substituted for real actions, for the sake of giving a remedy, to treat as personal covenants for quiet enjoyment, by reason of the fact that there could not be " a vouchee," upon a covenant real or the old warranty, except in real actions. *Ricketts* v. *Dickens*, 1 Mur. 343 ; *Williams* v. *Beeman*, 2 Dev. 683.

29

But a warranty may also be used " by way of rebutter," against the claim of the heir with or without assets, except where this rule of the common law is changed by statute. In *Moore* v. *Parker*, 12 Ired. 123, where the father had a life estate, and the remainder in fee was limited to his daughter, and the father sold in fee with warranty, it is held, " The warranty does not bar or rebut the daughter, for she claims by purchase, and not by descent," and the decision is put upon the operation of this Statute.

See Lord's Holt's opinion, set out in Butler's note to Coke, title "Warranty." *Taylor* v. *Shufford*, 4 Hawks, 130 ; *Lewis* v. *Cook*, 13 Ired. 195 ; *Spruill* v. *Leary*, 13 Ired. 225, Id. 408 ; *Myers* v. *Craige*, Busb. 169; in which cases the subject of warranty is fully discussed.

It is said the defendant has lived on the land all of her life time, and is now claiming it as her own ; her father died in 1860. The warranty falls upon her as his heirs, she shows no title, and does not connect herself with the reversion or remainder, which is outstanding in the heir of Cox. As she does not come within any of the statutes, making exceptions to the rule of the common law, it follows that she is rebutted by the warranty of her ancestors.

There is error.

PER CURIAM.                    Judgment reversed.