THOMAS WOOD v. W. H. WHEELER et al.

*Married Women—Contract—Consent of Husband—Privy Examination—Purchase-money—Foreclosure.*

1. Where a *feme covert* executed a bond and mortgage without the consent of her husband and without privy examination, the consideration being for land purchased: *Held*, to be error in rendering a judgment on the bond and decreeing foreclosure.

2. If the agreement was that a properly executed mortgage was to be given concurrently with the execution of the deed for the land, the *feme covert* would not be allowed to retain the land without paying the consideration.   Where, in such a case, the *feme covert* offers to surrender the land, and prays for an account of the rents, and profits, and the purchase-money paid: *Held*, that the Court should have ordered such account to be taken, in order that the equities might be adjusted between the parties.

3. The transfer of such a bond could be nothing more than an equitable assignment of the right to have the property subjected to the payment of the debt, and the assignee must, therefore, be made a party.

This was a CIVIL ACTION, tried at the March Term, 1890, of TRANSYLVANIA Superior Court, before *Connor, J.*

The plaintiff was assignee of one A. C. Williams, of a purchase-money note due for land and secured by a mortgage thereon, executed about the same time, or shortly thereafter. The note and mortgage were executed by defendant Sallie P. Wheeler, then and since wife of defendant W. H. Wheeler, without the joinder or consent in writing of her said husband, and the mortgage proved and recorded without the privy examination of the wife.

Shortly after the execution of the note and mortgage in 1885, the defendants went into possession of the land and so continued until the bringing of this action, enjoying the rents and profits thereof.   The purchase was for the use and benefit of the wife.

The action was upon the note and for foreclosure.

The defendants alleged for defence, failure of title as to part of the land, and breach of the covenants of warranty, etc., and the insolvency of the warrantor and the failure of consideration, the coverture of the wife, want of husband's consent in writing to the contract, and failure to have her privy examination to the deed.

Defendants offered to reconvey the land and account for rents and profits if plaintiff would repay purchase-money with interest.

At the trial the Court adjudged that plaintiff recover upon the note; that the mortgage was void, but that the judgment be enforced against the wife's separate estate—the land mortgaged to Williams—and that the consideration therefor was purchase-money, and was for the benefit of the wife's separate estate.

From this judgment defendants appealed.

No counsel for plaintiff.
*Mr. G. A. Shuford,* for defendant.

SHEPHERD, J.: The bond and mortgage are both void. Neither was executed with the written assent of the husband, and the latter was unaccompanied by privy examination.

Although the bond was given for a beneficial consideration, it could not be enforced in equity as an engagement, in the nature of a contract, as it does not fall within any of the exceptions of *The Code,* § 1826, which dispenses with the requirement of the written assent of the husband. *Farthing* v. *Shields,* decided at this term.

Although the mortgage is void, and cannot be enforced as such, still if the agreement was that it should be executed concurrently with the deed, the *feme* defendant would not be permitted to retain the land without paying the consid-

eration. This is the principle of *Walker* v. *Brooks*, 99 N. C., 207; *Boyd* v. *Turpin*, 94 N. C., 137; *Burns* v. *McGregor*, 90 N. C., 222, and other cases.

In our case, the *feme* defendant elects to repudiate the transaction, and offers to restore the property, together with the rents and profits. There seems to have been no fraud upon her part, and in the adjustment of the equities she stands upon the same footing as an infant who disaffirms a contract and offers to restore the consideration in its original "plight and condition."

There was, therefore, error in the judgment of the Court below. It should have made a decree looking alone to the placing of the parties in *statu quo*, and to this end an account should have been taken of the rents and profits and the amount of the purchase-money paid. It is also necessary that Williams, the grantor, should be made a party.

The bond being void, its transfer by Williams to the plaintiff amounted only to an equitable assignment of the former's right to subject the property to the payment of the balance of the purchase-money. As the effect of the rescission is to re-vest the property in Williams, it must follow that the equity of the plaintiff must be worked out under and through him.

Error.