BETSY J. MILLER v. DAVID BUMGARDNER.

*Action to Recover Land—Defence Under the General Issue— Adverse Possession—Color of Title—Estoppel—Limitations— Disabilities of Infancy and Coverture—Burden of Proof.*

1. Where plaintiff took possession of land, under a deed from a married woman without privy examination, and remained in possession for six years, and until it was purchased by defendant under execution against plaintiff, plaintiff is not estopped from maintaining an action under a deed executed by such married woman with privy examination, subsequently to such execution sale.

2. In such action defendant may, under his plea of a general denial, assert plaintiff's adverse possession under the first deed, which is color of title, and that of himself as the purchaser under execution, the joint possession being for a period of more than seven years.

3. In such action, where plaintiff relied upon the coverture and infancy of her grantor to avoid the adverse possession relied upon by defendant, and it appeared that, after the execution of the first deed, the husband of the *feme covert* died, if such *feme* attained her majority before her second marriage, the statute of limitations was put in motion against her and the plaintiff, her grantee, which was not arrested by her second marriage, and the onus of showing that such *feme* married the second time before attaining her majority is upon the plaintiff.

This was a CIVIL ACTION, for the possession of land, tried at the Spring Term, 1891, of the Superior Court of ASHE County, before HOKE, J.

· There was a verdict and judgment for the defendant, from which the plaintiff appealed.

The facts are stated in the opinion.

No counsel for plaintiff.
*Mr. G. W. Bower*, for defendant.

AVERY, J.: It was admitted that, prior to the year 1876, one Mollie Cox was the owner of the land in dispute, and that she married one Denton Williams, and during coverture, in September, 1876, a deed signed by her husband, Denton Williams, and herself, was delivered to the plaintiff Betsy Jane Miller, but the *feme covert* was not privily examined as to its execution. The defendant, relying on this deed or paper, delivered to the plaintiff, as color of title offered evidence tending to show that Betsy Jane Miller, the plaintiff, took possession under it at the date of its execution in September, 1876, and remained in possession continuously till January 3d, 1883, when Williams Miller, under whom the defendant Bumgardner holds, was placed in possession by the Sheriff by virtue of a writ of possession, issued in an action brought by him claiming title and possession of said land against the plaintiff. It was in evidence, also, that the said Williams Miller, prior to the institution of said suit had purchased a note, given by plaintiff to said Mollie Williams for the purchase-money, recovered judgment on the same against plaintiff, bought at sale under execution issued on said judgment, and recovered in said action on the Sheriff's deed.

Avoiding the estoppel growing out of that action, the plaintiff Betsy Jane Miller offered, as evidence of title, a deed executed by Mollie Robertson (who was first Mollie Cox, then married Denton Williams, and after his death married Robertson), in which her husband joined, dated July 28th, 1888, which was duly proven. As both parties to the action acknowledged in the pleadings that the title was in Mollie Robertson (*nee* Mollie Cox), this deed offered by the plaintiff was *prima facie* proof that the title had passed from Mollie Robertson and was in the plaintiff at the time when the action was brought, and, nothing more appearing, the plaintiff was entitled to recover upon it, the possession by defendants being admitted.

To meet this apparently sufficient title, the defendants offered testimony tending to show the continuous possession by Betsy Jane Miller, the plaintiff in this action, for over six years between dates already given, under the paper purporting to be a deed from Denton Williams and his wife Mollie to her, and to connect with that occupancy by her that of Williams Miller, under whom defendants claim, and who took possession in 1883 as the purchaser of her interest at execution sale.

Williams Miller, and those claiming under him, were clearly in privity with her, as to her claim of title by virtue of the occupancy under the paper purporting to have been executed by Williams and wife, and while the plaintiff was not estopped from setting up the subsequent deed as evidence of title, she was a stranger and adverse to, while the defendants were in privity with her former claim of title under that paper as color. There was no error in the charge of the Court that the paper was sufficient to show color of title in Betsy Miller during her occupancy under it. *Avent* v. *Arrington*, 105 N. C., 377.

There is as little doubt that the defendants, being in privity with her former title as claimants under the purchaser at execution sale, might avail themselves of her possession from September, 1876, to January 3d, 1883. Wood Lim., § 271. But it was admitted on the trial that Mollie Williams was a *feme covert*, as she purported to be on the face of the paper which was offered and is relied on by defendant as color of title. The plaintiff having shown an apparently good title from the common source, the defendants had the right to set up adverse possession under the general denial (*Freeman* v. *Sprague*, 82 N. C., 366), but the burden was upon them nevertheless to prove continuous possession under the paper offered as color for such period as was necessary to vest the title in Williams Miller, under whom they claimed. This they did by connecting his possession in his own proper

person with that of plaintiff, and proving that it continued from January 3d, 1883, when the Sheriff put him in, till this action was brought, on the 6th of August, 1888.

The plaintiff then offered testimony tending to show that Mollie Cox was laboring under the disability of infancy when she married Denton Williams, and did not arrive at the age of twenty-one years until after he had died in 1877, and until she had, on November 3d, 1880, married her present husband. The plaintiff thus took the burden again upon herself in attempting to destroy the force of the proof of continuous possession for the statutory period. Bailey's Onus Probandi, page 258.

On the other hand, the defendant offered testimony tending to show that Mollie Robertson became twenty-one years old in 1878, prior to her second marriage, and that the statute began to run before the second disability supervened. There was no error in the instruction given that if the statute began to run during her discoverture it continued to run after second marriage, and that consequently the possession of defendants, and those under whom they claimed, was adverse from 1878 till the action was brought in 1888, and if she was twenty-one years old in 1878, the plaintiff could not recover.

The jury came in, after having retired for some time, to request further instruction from the Court, "saying their minds were agreed on all but one point, and that was as to when Mollie Robertson became twenty-one, whether before or after her second marriage, and as to that *their minds were about balanced, and asked what they must do.*" The Court charged them that the burden of establishing the affirmative of the issue of title was upon the plaintiff, and "if the evidence left their minds in doubt on this question," they would answer that issue "No."

The plaintiff had offered the evidence as to the disability of the *feme covert* to meet the testimony as to possession,

and the burden was on her to show the supervening disability, which prevented the statute from running. It was not incumbent on the defendant to negative the possibility of her infancy and of its continuance until another disability supervened. Proof of possession under color for seven years, extending from the period of her widowhood in 1878, till the action began (the title being admitted to be out of the State), was presumptive evidence that it vested in Williams Miller to the boundaries described in the paper under which he claimed. *McLean* v. *Smith,* 106 N. C., 172; *Ruffin* v. *Overby,* 105 N. C., 78. The burden was upon the plaintiff, therefore, to show by a preponderance of evidence that the disability of infancy continued till the second marriage, and if she failed to satisfy the jury by the greater weight of testimony so as to leave the scales (figuratively speaking) no longer evenly balanced as to this question, it was their duty to find for the defendant, and it was not error in the Court to so instruct them. *State* v. *Rogers,* 79 N. C., 609.

The presumption is in favor of the title of one who is in possession, and a plaintiff cannot overcome that presumption, except by satisfying the jury by the greater weight of evidence of the truth of such facts as it is incumbent on him to prove.

For the reasons given, we think that there was no error in the instruction of the Court to the jury to which the plaintiff excepted.

No error.