THOMAS S. WOOD et al v. W. H. WHEELER et al.

*Lex Loci Contractus—Lex Rei Sitæ—Laws of South Carolina—Consideration—Note—Mortgage—Account.*

1. A note executed by a married woman in South Carolina, valid under the laws there, is valid here if for a sufficient consideration, though it be secured by a valid mortgage executed to convey lands in this State, but in such case there can be no judgment for foreclosure; she holds the land free from every lien on account of the mortgage.

2. As the plaintiffs by this suit upon the note elect not to accept her proposed surrender of the land and the annulment of the contract, no account for the rents and profits and for the purchase-money paid for the land is necessary. As far as appears now the plaintiffs have a right to a judgment on the note, and the defendant *feme covert* has a right to keep the land.

3. The conveyance to her by deed executed in South Carolina of the land is a sufficient consideration to support the note.

This was a CIVIL ACTION upon a note and mortgage, tried at Spring Term, 1892, of TRANSYLVANIA Superior Court, before *Hoke, J.*

The case upon former appeal is reported in 106 N. C., 512, and, pursuant to the decision therein, A. C. Williams, the vendor, was made a party plaintiff.

Upon the trial the following facts were admitted :

1. That in December, 1883, A. C. Williams, then a resident of Transylvania County, sold to the *feme* defendant, Sally Wheeler (formerly of South Carolina), the tract of land described in the pleadings; that she received a deed for the land, paid a portion of the purchase-money, and executed a number of notes under seal for the balance of the contract price, and at the same time executed a mortgage on the land to Williams to secure the payment of said notes; that she bought the land with intent to occupy the same as a place of residence, and become a citizen of North Carolina, and that she did, immediately after the purchase, move to the place, in company with her husband, and they became residents and citizens of North Carolina.

2. That shortly thereafter the said Williams removed to South Carolina and became a resident of that State, and while so living there he sold the note now sued on, for value and before maturity, and transferred the same to the plaintiff by delivery and without endorsement or other written assignment; that the plaintiff Wood is now, and always has been, a resident of North Carolina.

3. The notes for the purchase-money, including the note now sued on, were executed and signed in the State of South Carolina (where the defendants W. H. Wheeler and Sally P. Wheeler, his wife, then resided), and the deed and mortgage were signed in that State, and the execution thereof acknowledged in South Carolina before a Notary Public of that State, and afterwards registered in this State upon said probate, the same being first approved and the registration ordered by the Clerk of the Superior Court of Transylvania County.

4. That at the time of this transaction, and since, the said Sally Wheeler was and is the wife of W. H. Wheeler; her husband did not join in the execution of the notes, nor give his written or other assent thereto, and he did not join his wife in the execution of the mortgage, nor was her privy examination taken pursuant to law.

5. That by the law of South Carolina, when the notes were signed, a married woman could bind her-elf by note executed, as the one sued on.  The law of South Carolina on this subject is as follows:

" Section 2036.  A married woman shall have power to bequeath, devise or convey her separate property in the same manner and to the same extent as if she were unmarried; and, dying intestate, her property shall descend in the same manner as the law provides for the descent of the property of husbands; and all deeds, mortgages and legal instruments of whatever kind shall be executed by her in the same manner and have the same legal force and effect as if she were unmarried.

Section 2037.  A married woman shall have the right to purchase any species of property in her own name, and take proper legal conveyances therefor, and to contract and be contracted with as to her separate property in the same manner as if she were unmarried: *Provided,* that her husband shall not be liable for the debts of the wife contracted

prior to or after their marriage, except for her necessary support." General Statutes of South Carolina (1882), ch. 75.

Upon the foregoing facts the plaintiffs admitted that the mortgage is void, and contended that they were entitled to a personal judgment against the *feme* defendant, inasmuch as, by the law of South Carolina, when the notes were signed, she could bind herself by her personal contract.

The Court held that the *feme* defendant could repudiate the trade, and, having elected to do so, there was no consideration for the note sued on, and such defence was available against the plaintiffs, who held the note by delivery and without endorsement; and the rights of the parties were in behalf of plaintiffs (Wood and A. C. Williams) for a return of the land and an account of rents and profits; and for defendants, a return of the purchase-price already paid. In deference to this intimation, the plaintiffs submitted to a nonsuit and appealed.

*Messrs. W. A. Gash* and *W. A. Smith* (by brief) for plaintiffs.
*Mr. T. F. Davidson,* for defendants.

BURWELL, J.: The decision of the Court in this cause (106 N. C., 512) was founded on the facts as they then appeared, and it was correctly determined that both the note and mortgage executed by the *feme* defendant were void, because, as we were then informed, they were executed in this State. The admissions of the parties have now very materially changed their rights and liabilities.

It is conceded that the note sued on was executed in South Carolina; and it is a valid obligation of the *feme* defendant, since, by the laws of that State, she had power to execute said note and bind herself thereby, as if she were unmarried.

In the complaint, the plaintiffs demand judgment on this note, and upon the facts now admitted they are entitled to such judgment against the maker, Mrs. S. P. Wheeler. *Taylor*

v. *Sharp* 108 N. C., 377; *Williams* v. *Carr*, 80 N. C., 294. The feme defendant was authorized by the laws of South Carolina to purchase the land, and the execution and delivery of the deed by A. C. Williams vested in her the title to it, and this was of course a sufficient consideration to support the promise contained in the note. The mortgage made to secure it is void for the reasons stated in the opinion filed upon the former hearing of this cause (106 N. C., 512), but the plaintiffs, under the new aspect put upon the matter by the admissions of the parties, have the right to demand the enforcement of the contract made in South Carolina and take judgment for the amount due on the note. The effect of this action on their part will be to leave the title to the land in the *feme* defendant free from any lien of the alleged mortgage. As the plaintiffs, by this demand of judgment against her, elect not to accept her proffer to surrender the land and annul the contract of purchase, no account of rents or of purchase-money paid by her is necessary, Her right is to keep the land. The plaintiffs' right is to have judgment against her on the note, provided no valid defence is established on the trial.