CHARLES B. BASFORD *vs.* SARAH A. PEARSON.

A married woman may be held liable, under *St.* 1845, *c.* 208, § 5, upon covenants contained in a deed of land in another state, held by her to her sole and separate use, and conveyed as the consideration of a deed of land in this commonwealth, which was conveyed to her, to her sole and separate use, free from the interference or control of her husband; and the fact that her husband joined with her in the deed and covenants is immaterial.

MERRICK, J. This action is brought to recover damages for the breach of the covenants of seisin and of good right to convey, contained in a deed dated August 27th 1859, made by the defendant and her husband, Henry Pearson, to the plaintiff; a copy of which is annexed to the declaration.

At the trial, the plaintiff proved the execution of said deed and its delivery to him; and he offered further to prove that on the 27th day of August, by his deed of that date, he conveyed to the defendant, to her sole and separate use, free from the interference and control of her husband, certain real estate situated in Chelsea in this county; that upon the delivery of that deed

to her, and in consideration thereof, and in payment for the estate thereby conveyed, she and her said husband made, executed and delivered to him their said deed purporting to convey to him the land therein described; and that before that time one N. Mason had made and delivered to her his deed purporting to convey the same land to her, to her sole and separate use, free from the interference and control of her husband. He then also offered further to show that in fact no such land or estate as that described in the last mentioned deeds could be found or ever existed. The presiding judge ruled that, upon the facts thus proved and offered to be proved, this action could not be maintained; and a verdict was accordingly returned for the defendant.

In support of this ruling it is contended that, as the defendant was a married woman when she and her husband executed said deed, she was incompetent to bind herself by the covenants contained in it. Certainly she had no power to do so by the common law; and under our statutes a wife will not be bound by any of the covenants in the joint deed of herself and husband conveying her real estate, if it be not her sole and separate property. Rev. Sts. *c.* 59, § 2. Gen. Sts. *c.* 108, § 2. But by *St.* 1845, *c.* 208, §§ 3, 5, it is provided that any person capable in law of making a deed may convey to a married woman any estate in fee, to be held by her, to her sole and separate use, free from the interference or control of her husband; and that, whenever any estate is so conveyed to her, she shall be liable to be sued at law and in equity upon any contract made by her in respect to that estate. The implication from this latter provision is inevitable, that a married woman may make any contract concerning or in reference to an estate so conveyed to her which she could have made if she were or had been sole and unmarried; for it would be absurd to ordain that a party should be subject to a suit upon a contract which could not be enforced because it created no obligation. And, the language of the statute being very general and unqualified, there would seem to be no kind of contract concerning such estate, whether it be for its sale and conveyance, for expenditures in its cultivation or improvement, or

for the payment of the consideration of its purchase, which she is not empowered and made competent to enter into. In the case of *Stewart* v. *Jenkins,* 6 Allen, 300, it was determined that, under the provision in Gen. Sts. *c.* 108, § 3, authorizing a married woman to enter into any contracts in reference to her separate real and personal estate, a promissory note given by a married woman in payment for land conveyed to her, to her sole and separate use, was valid, and that the payee could maintain an action against her to recover the amount due upon it. Upon application of the same rule of construction, which was then adopted, to *St.* 1845, *c.* 208, before referred to, a married woman is liable under its provisions upon any contract made by her and accepted by the grantor in payment of the consideration of the conveyance to her of an estate to her sole and separate use. It is a necessary consequence from these conclusions that the defendant lawfully assumed the obligations resulting from the covenants in the deed of herself and husband which was given by them and accepted by the plaintiff in payment for an estate in Chelsea which he conveyed to her, to her sole and separate use. *Comer* v. *Chamberlain,* 6 Allen, 166. *Beal* v. *Warren,* 2 Gray, 447–458. It makes no difference, and did not defeat or diminish her liability, that her husband joined with her in the deed, and made himself jointly liable with her upon the covenants. They cannot contract with each other. But in any case in which each of them is competent to enter into an agreement and assume the responsibilities resulting from it, there is no reason why they should not bind themselves by a joint obligation to a third person, and there is no rule or provision of law to prohibit or prevent them from doing so. *Plumer* v. *Lord,* 5 Allen, 460. *Baker* v. *Hathaway,* Ib. 103. *Parker* v. *Kane,* 4 Allen, 346. *Bartlett* v. *Bartlett,* Ib. 440.

It has been urged also that the defendant could not lawfully make the deed and take upon herself the obligations of the covenants contained in it, because the deed purports to convey land situated in the state of New Hampshire. But the parties were all citizens of this state, and the contract was made and the deed was executed here, and therefore all questions concerning

the validity and effect of the contract are to be determined by reference to our law. The covenant may be good and valid and effectual against the party making it, if he is duly authorized to contract in that manner, although the deed in which it is contained might not be sufficient under the law of another state to convey lands there situate.

If, therefore, the plaintiff can establish the facts proved and offered to be proved by him, he may maintain his action, and will be entitled to recover damages for breach of the covenants declared on. *Exceptions sustained.*

*J. D. Ball & I. Knowles, Jr.,* for the plaintiff.

*A. A. Ranney,* for the defendant.