## HILL *v.* SHANNON.

FEES AND SALARIES.—*Act of* 1875.—*Clerk of Circuit Court.*—*Statute Construed.*—Under the fee and salary act of March 12th, 1875, 1 R. S. 1876, p. 467, the clerk of a circuit court is allowed no fees for entering a cause on a general index of causes; for entering the sheriff's return of the service of a summons on the issue and judge's dockets ; for transferring sheriff's fees, for mileage and service taxed on a summons, to the fee book ; for registering sheriff's fees in the register required to be kept by section 8 of said act ; for entry to be made on cash book where fees in a cause are paid ; for entering an order of sale on an execution docket as a separate charge ; or for transferring sheriff's fees from order of sale to fee book.

SAME.—Under such act, the clerk is authorized to charge only ten cents for docketing an action at the first term it is in court, and five cents for each subsequent term.

SAME.—Under such act the clerk is not entitled to charge for entering a cause on the execution docket, except in connection with the issuance of an execution or order of sale, and other duties, for all of which only one dollar could be charged.

SAME.—*Act of* 1875 *Repealed.*—*Penalties Imposed thereby can not be Enforced.*—The act of 1875, *supra*, was superseded and repealed by the act of March 31st, 1879, Acts 1879, p. 130, without any saving clause as to its penal provisions ; hence, none of the penalties imposed by said act of 1875 can now be enforced.

SAME.—*Motion to Retax Costs.*—*Final Judgment.*—*Appeal from Circuit Court.*—*Practice.*—A final order of the circuit court, overruling a motion made in such court against the clerk thereof to retax costs, is a final judgment within the meaning of section 550 of the code, and may be appealed from to the Supreme Court, without regard to the amount in controversy.

SAME.—*Amount in Controversy.*—As to actions originating in the circuit or superior courts, the right of appeal, without regard to the amount in controversy, remains the same as it was before section 550 of the code was amended by the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 59.

From the Jefferson Circuit Court.

*C. A. Korbly*, for appellant.

*W. T. Friedley*, for appellee.

NIBLACK, J.—This was a motion by James Hill, against Abner L. Shannon, clerk of the court below, to retax certain costs which it was claimed had accrued to the said Shan-

non, as such clerk, under the act fixing the fees and salaries of certain officers, approved March 12th, 1875. Acts 1875, Spec. Sess., p. 31; 1 R. S. 1876, p. 467.

At the request of the plaintiff, the court made a special finding of the facts. This special finding of facts, together with the conclusions of law drawn therefrom, were substantially as follows:

"1st. That the plaintiff, James Hill, commenced an action upon a note and mortgage in this court, on the 6th day of March, 1878, in the February term thereof, in said year, by filing his complaint, to which Samuel Cochran, Helen Cochran, David Moffatt, William Brown and Walter Scott were made defendants.

"2d. That at said time Abner L. Shannon, defendant to this motion, was the clerk of this court, and said clerk, at the instance of said James Hill, issued two summonses in said cause, one to the sheriff of Jefferson county and one to the sheriff of Allen county, both of which were afterward duly returned, served upon the defendants respectively named therein.

"3d. That afterward, on the 19th day of March, 1878, that being the 48th day of said term of said court, said James Hill recovered a judgment for the foreclosure of said mortgage, and the sale of the mortgaged real estate, to satisfy the sum of $3,631.66.

"That the clerk, at the request of the plaintiff, issued an order of sale upon said decree of foreclosure to the sheriff of said county, who sold said real estate upon the same, and made return on said order of sale to the clerk of said court, who made a record of said return upon the execution docket; that said real estate was sold to the plaintiff for $2,800.

"4th. The court further finds, that said Abner L. Shannon performed the following services in said cause, and taxed the fees set opposite the same, to wit:

"No. 1. Filing complaint and mortgage......... $ .10

"No. 2. Issuing two summonses and filing the same when returned ....................................... 1.10"

"No 3. Indexing same cause on the general index....................... ................................. .50

"No. 4. Docketing said cause upon the entry docket, issue docket and judge's docket............... 1.00

"No. 5. Entering upon said issue and judge's docket the sheriff's returns of service of said summonses upon said defendants...................... .50

"No. 6. Writing 800 words of order book entry...................................................... ..... .80

"No. 7. Transcribing the fees of said two sheriffs, taxed on summonses for mileage and service thereof, from the summonses upon the fee book ....................................................... 1.00

"No. 8. Registering the sheriff's fees aforesaid and docket [fee] required by sec. 8 of the statute of 1875, regulating fees, viz.: Registering R. F. Nugent's fees (sheriff of Jefferson county), Charles A. Munson's fees (sheriff of Allen county), and $2 docket fee...................................... 1.50

"No. 9. Cash book entry, to be made when fees in the cause are paid................. ................ .50

"No. 10. For entering the judgment in this cause on judgment docket................................. .05

"No. 11. For entering said order of sale on execution docket...................................... ........ .05

"No. 12. For entering satisfaction of record when judgment shall have been paid .... ............ .05

"No. 13. For making complete record of this cause................................................................ 3.00

"No. 14. For issuing order of sale, sealing same and return on execution docket, and transferring sheriff's fees from order of sale to fee book........... ...................................... ............. 1.50."

" Making in all the sum of eleven dollars and sixty-five cents, taxed by said Abner L. Shannon, clerk, for his services as clerk, rendered and to be rendered in said cause, upon the fee book in this court.

" 5th. The court further finds, that the complete record will consist of 3,000 words, and that a cash book entry will become necessary.

" And the court, as a matter of law, concludes upon said findings of fact, the following propositions, to wit :

" That Abner L. Shannon was entitled by law to charge, claim and tax the fees aforesaid in the amounts set forth in finding No. 4 aforesaid, and that said fees, amounting to $11.65, are payable out of the proceeds of the sale of said mortgaged real estate. That plaintiff's motion is not well taken, and the same must be overruled."

The plaintiff has appealed and assigned error upon the conclusions of law at which the court arrived upon the special finding of facts. The appellee has moved to dismiss this appeal upon two grounds :—

First. That no appeal lies in a case like this, the court below being authorized to finally determine all questions arising in this case, by section 40 of the act of 1875 ; citing *Aldrich* v. *Hawkins*, 6 Blackf. 125.

Second. That no appeal lies in this case, because the amount in controversy is less than fifty dollars, citing section 550 of the code as amended by the act of March 14th, 1877. Acts 1875, Spec. Sess., p. 59.

So much of section 550 of the code, amended as above, as is applicable to the motion to dismiss this appeal, reads as follows :

" Writs of error are hereby abolished. Appeals may be taken from the circuit courts, and superior courts to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace or mayor of a city, where the amount in contro-

versy, exclusive of interest and costs, does not exceed fifty dollars."

This being an adversary proceeding, we think the final order appealed from in this case is a final judgment within the meaning of the above named section of the code, and hence, in that respect, such a judgment as may be appealed from to this court, there being no statutory prohibition against such an appeal. Then again, this proceeding did not originate before either a justice of the peace or mayor of a city. No restriction is therefore imposed upon this appeal on account of the amount in controversy being less than fifty dollars. As to actions originating in the circuit or superior courts, the right of appeal, without regard to the amount in controversy, remains the same as it was before. Section 550 of the code was amended by the act of 1877, above referred to. The appellee's motion to dismiss this appeal can not, therefore, be sustained.

As we construe the act of 1875, no fees are allowed the clerk of a circuit court for any supposed services, as follows:

For entering a cause on a general index of causes;

For entering the sheriff's return of the service of a summons on the issue and judge's dockets;

For transferring sheriff's fees for mileage and service taxed on a summons, to the fee book;

For registering sheriff's fees in a register required to be kept by section 8 of such act;

For entry to be made on cash book when fees in a cause are paid;

For entering an order of sale on an execution docket as a separate charge.

We are, therefore, of the opinion that the items of costs known in the special finding as numbers three, five, seven, eight, nine and eleven, can not be sustained, either in whole or in part, as proper charges.

We are also of the opinion that the charge for entering the cause on the entry docket, issue docket and judge's docket, known as item number four in the special finding, was an excessive charge.

Some inapt and evidently inadvertent words are used in connection with the provision allowing the clerk to charge a fee for entering a cause on the docket of the court, but we think a proper construction of the act of 1875, *supra*, considered as an entirety, authorizes only a charge of ten cents for docketing an action at the first term it is in court and five cents for each subsequent term. We consequently regard all charged in item No. four over ten cents, as being excessive.

We also regard the charge for transferring sheriff's fees from order of sale to fee book, contained in the item known as number fourteen in the special finding, as unauthorized, and hold all charged in that item over one dollar as excessive.

In relation to item No. eleven, it may be further remarked, that we see nothing in the act of 1875, as construed by us, which allowed a clerk to charge for entering a cause on the execution docket, except in connection with the issuance of an execution, or order of sale, and other duties, for all of which he was entitled to charge the gross sum of one dollar.

Section 48 of the act under consideration, as amended by the act of March 7th, 1877, Acts 1877, Reg. Sess., p. 62, provided that, if any officer named in such section, clerks of circuit courts being included, should tax or charge any other or greater fee than was allowed by law, all his costs in the cause or matter in which such illegal fee was charged, should be forfeited.

The appellant, as a part of his motion in the court below, asked that all the appellee's costs which had accrued in the cause, out of which the controversy had arisen,

should be declared forfeited under this section 48, which was then in force.

That section is, however, no longer in force. The act of 1875 was superseded and repealed by the act of March 31st, 1879, Acts 1879, p. 130, without any saving clause as to its penal provisions. Hence, none of the penalties imposed by the act of 1875 can now be enforced. Whether the forfeiture of costs contemplated by section 48 have at any time been rightfully enforced, is a question not now before us.

The judgment is reversed, with costs, and the cause is remanded, with instructions to the court below to retax the costs set out in the special finding, in accordance with this opinion.