ALDEN K. RILEY ET AL. v. WALLACE M. BURROUGHS.

FILED JUNE 26, 1894.  No. 4601.

Conflict of Laws: BREACH OF COVENANT: LEX LOCI. Where land situate in the state of Iowa was sold and the conveyance therefor was executed in the state of Nebraska, and there had been several prior conveyances, each of which contained a covenant of warranty against incumbrance, and of each of which there was the same existing breach, *held*, that the law of Iowa, or the law of the place in which the land is situate, will govern the rights of the parties in the enforcement of the covenant, in so far as it relates to the question of the covenant running with the land.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*Hall, McCulloch & English,* for plaintiffs in error, cited: *Chapman v. Kimball,* 7 Neb., 399; *Davidson v. Cox,* 10 Neb., 150; *Knadler v. Sharp,* 36 Ia., 236; *Devore v. Sunderland,* 11 O., 60; 2 Parsons, Contracts, 571*; *Bethell v. Bethell,* 54 Ind., 428; *Craig v. Donovan,* 63 Ind., 513.

*Arthur C. Wakeley, contra:*

Real property, as to its tenure, mode of enjoyment, transfer, and descent, is to be regulated by the *lex loci rei sitœ.* (*Fisher v. Parry,* 68 Ind., 465; *Kling v. Sejour,* 4 La. Ann., 130; *Succession of Cassidy,* 40 La. Ann., 837; *Succession of Larendon,* 39 La. Ann., 952; *United States v. Crosby,* 7 Cranch [U. S.], 115; 3 Am. & Eng. Ency. of Law, p. 567, note 1; *Chapman v. Robertson,* 6 Paige Ch. [N. Y.], 627; *McCormick v. Sullivant,* 10 Wheat. [U. S.], 192; *Brine v. Hartford Fire Ins. Co.,* 96 U. S., 627; *Kerr v. Moon,* 9 Wheat. [U. S.], 565; *McGoon v. Scales,* 9 Wall. [U. S.], 27.)

HARRISON, J.

This action was instituted in the district court of Douglas county by defendant in error to recover the sum of certain imposed taxes on the southwest quarter of section 36, township 81, range 39, in Shelby county, Iowa, remaining unpaid at the time the land was conveyed to him. A jury was waived in the district court, and on a trial to the judge thereof judgment was rendered for defendant in error, and plaintiffs in error have prosecuted a writ of error to this court. The case is submitted here on the following agreed statement of facts:

"Upon this —— day of ——, 1890, at the February, 1890, term of said court, this cause coming on to be tried was heard before his honor George W. Doane, one of the judges of this court,—a jury being waived by the parties hereto,—and afterwards, to-wit, on the 6th day of March, 1890, judgment was rendered herein in favor of the plaintiff; and whereas the said defendants are about to prosecute a writ of error from the decision of the said district court to the supreme court of the state of Nebraska, it is agreed between the parties hereto that this cause may be submitted for decision to the supreme court upon the following agreed statement of facts:

"1. The real estate, for breach of covenants against incumbrances upon which this suit is brought, is the southwest quarter section 36, township 81, range 39, in Shelby county, in the state of Iowa.

"2. On the 16th day of June, 1886, William J. Chausse and Mercy Chausse, of Shelby county, Iowa, conveyed said premises by warranty deed to the defendant Alden K. Riley; that on July 21, 1887, the defendant Alden K. Riley conveyed said premises to the defendant Annie R. Kinkead; that on October 19, 1887, Annie R. Kinkead conveyed the said premises to Thomas B. McCulloch; that on the 7th day of November, 1887, Thomas B. McCulloch conveyed the said premises to William F. Woods and Charles W. Sanborn; that on April 11, 1888, the said Woods and Sanborn conveyed the said premises to the plaintiff herein, Wallace M. Burroughs, who is the owner thereof.

"3. That the said real estate was conveyed by the said several grantors to the said several grantees by deeds of general warranty, and that all the said several deeds made by the defendants herein contained, among other things, the following covenants against incumbrance, to-wit: 'And I, the said [grantor], for myself, my heirs, executors and administrators, do covenant with the said [grantee], and with his heirs and assigns, that I am lawfully seized of said premises; that they are free from incumbrance,' etc.

"4. That at all the times of said several conveyances there existed upon said premises incumbrances other than those mentioned and excepted in any of said deeds, to-wit, valid and subsisting tax liens, to the amount as ascertained and adjudged by the district court.

"5. That on June 25, 1888, the plaintiff herein was compelled to pay, and did pay, to one Elsie Goldschmidt, who had redeemed said property from tax sale, the amount of said taxes, to-wit, one hundred and fifty-six and $\frac{5}{100}$ ($156.05) dollars.

"6. That all of said deeds, with the exception of the deed from the said Chausse and wife to Alden K. Riley, were made in the state of Nebraska, and the parties thereto were residents of the state of Nebraska; and that the said Chausse deed was made in the county of Shelby and state of Iowa.

"7. That, as shown by the petition herein, the plaintiff brings suit against the prior grantors of said land and not against his immediate grantors, William F. Woods and Charles W. Sanborn.

"8. That under the law of the state of Iowa a covenant against incumbrance, such as the one in question herein, runs with the land, and can be sued upon by any grantee, however remote.

"9. That all of said deeds were introduced in evidence under the objection of the defendants.

"10. That this agreed statement of facts shall constitute the bill of exceptions herein and be made a part of the record in said case."

It will be noticed that the suit was not brought against the immediate grantors of defendant (plaintiff in court below), William F. Woods and wife and Chas. W. Sanborn and wife, but against former grantors in the chain of title who had executed and delivered warranty deeds to the property, and it is claimed that the taxes which defendant in error paid were existing liens at the time of the conveyance by these former grantors. The plaintiffs in error deny that they are liable for the taxes in favor of defendant in error, on the ground that any taxes which were unpaid at the time of the conveyance by each would be a claim against each in favor only of his immediate grantee and not in favor of subsequent and remote grantees in the title with whom they were not immediately connected in the transaction and had no dealing. It is conceded that by the law of Nebraska, where the deed to defendant in error was executed, the covenant against incumbrances is a personal one

and does not run with the land, but is broken as soon as made, if there is an existing incumbrance; hence, in Nebraska, action can be maintained only by or between the immediate parties to the covenant. It further follows that if the law of this state—the law of the place of contract and forum of the suit—is to be applied to the facts in this action, and prevail, the judgment of the district court was wrong and must be reversed. It is further agreed that in Iowa a covenant against incumbrances, such as the one in this case, runs with the land, and may be taken advantage of by any grantee against his immediate grantor, or any grantor, however remote, in the chain of title, who conveyed with the incumbrance existing, by deed containing the covenants. If, therefore, the law of Iowa—the law of the place where the land which is the subject of the conveyance is situate—is to govern the rights and remedies of the parties, then the judgment of the district court was right and should not be disturbed.

Counsel for plaintiff in error cite the case of *Bethell v. Bethell*, 54 Ind., 428, as sustaining their position, also *Craig v. Donovan*, 63 Ind., 513. The case of *Bethell v. Bethell, supra,* held: "Where a deed is executed in this state between citizens thereof conveying lands situated in another state, without any covenants, the law of the latter state cannot be made to extend beyond her borders, so as to make such deed contain a covenant of seizin." In the text of the opinion it was stated: "The supposed covenant in this case, then, was one that did not run with the land. It was purely personal and broken as soon as entered into. It was not so connected with the land that any subsequent grantee thereof could take advantage of it. The question is therefore narrowed down to this: Can a deed executed in Indiana between citizens thereof, containing no covenants whatever according to the law of Indiana, be held, by virtue of the law of Missouri, where the land lies, to contain a covenant not running with the land, but broken as

soon as entered into?    We think this question must be an-
swered in the negative.    A covenant of seizin, not running
with the land, is purely a personal covenant, broken as soon
as made, and has nothing whatever to do with the trans-
mission of the title to the land.    As a general rule, the *lex
loci contractus* determines the construction and effect of con-
tracts; and we think that where a deed is made, as above
stated, the question whether it contains such a covenant is
to be determined by the law of the place where it is made."
It will be noticed that this case does not decide the exact
point in dispute in the case at bar, but is confined to hold-
ing that the law of the state where the land is situated
cannot be invoked to read into the deed a covenant which
is not there expressed in terms, and which the law of the
state where the deed was executed will not imply, but the
latter law—the law of the state where the conveyance was
executed—will prevail.    The case in 63 Ind., *supra*, fol-
lows the doctrine announced in *Bethell v. Bethell*.    In the
case of *Fisher v. Parry*, 68 Ind., 465, the court said: "In
1862, F. conveyed certain land situated in Minnesota to
K. by deed in the form prescribed by the statute of Indiana.
Afterward K. conveyed the land to P. by a deed in the
old form, with all the usual covenants.    Both deeds were
executed and delivered in Indiana, where all the parties
resided.    H. had owned the land and mortgaged it to D.
in 1857, the latter subsequently foreclosing his mortgage
and becoming the purchaser of the land, of which he took
possession.    *Held*, That as P. can maintain an action
against F. only upon some covenant running with the
land, and as, in determining whether a deed contains such
a covenant, the '*lex rei sitœ*' governs, said P. had no right
of action against F."    Also, "in determining whether a
conveyance of real estate contains a covenant that runs with
the land, the *lex rei sitœ* governs."    In the case of *Worley
v. Hineman*, 33 N. E. Rep., 261, a later Indiana case, it
was held: "Where the owner of land situate in Illinois,

on which there was a mortgage, executed a deed therefor in
Indiana, with general covenant of warranty, such cove-
nant was not personal to the immediate grantee, but ran
with the land, even though the grantor, being a resident of
Indiana, did not have possession of the land, but was in a
position to give possession to his immediate grantee.
Where such mortgage was subsequently foreclosed against
a remote grantee, and the land redeemed by the immediate
grantee, who thereafter brought suit in Indiana against his
grantor's estate on the covenant of warranty, the question
whether there was a covenant or not that ran with the
land is determinable under the laws of Indiana, and hence,
if the complaint discloses a breach of covenant under such
laws, it states a good cause of action; " and it is stated in
the opinion: " The case of *Fisher v. Parry, supra*, seems
not to have been followed in any later decision; and if we
should feel constrained, under ordinary circumstances, to
follow it, we believe we are justified in saying that it is re-
pugnant in principle to the entire line of Indiana cases on
the subject."

It will be seen that the Indiana court has not at all times
adhered to the same doctrine on the subject here involved,
but in *Worley v. Hineman, supra*, which is the latest
decision of that court on the point herein under discussion,
it may be said to support the contention of plaintiff in
error.   On the other hand, we find in *Kling v. Sejour*, 4
La. Ann., 128, it was held : " What constitutes title and
what seizin—or, in the language of our law, the possession,
as owner, of immovable property,—must be determined by
the law of the place where it is situated, and that is the
only law which can determine whether a covenant of title
and seizin has been broken or not."   In *Succession of
Larendon*, 39 La. Ann., 952, it was held : " The rights and
obligations arising under acts passed in one state to be exe-
cuted in another, respecting the transfer of real estate in
the latter, are regulated, in point of form, substance, and

validity, by the laws of the state in which such acts are to have effect." In *Succession of Cassidy*, 40 La. Ann., 827, 5 So. Rep., 292,—a case which arose out of the following facts, as therein stated : " The present controversy arises in the testate and apparently solvent succession of Henry Cassidy, a citizen and resident of this state, and which was opened in October, 1884. It is raised by way of an opposition to a final account. The opponents are Arthur E. Spohn and Catherine Hamilton, administratrix of the estate of Alexander Hamilton, citizens of the state of Texas. The following are the grounds of their opposition, substantially, viz. : That on the 9th of December, 1875, the deceased, in consideration of the price of $2,000, sold to Horace Wright Cassidy a tract of land situated in Nueces county, Texas, with full warranty of title to said purchaser, his heirs and assigns, and on the 11th day of July, 1878, said vendee, for and in consideration of the price of $1,822.50, sold said tract of land to Arthur E. Spohn and Dr. Alexander Hamilton, opponents herein, with like warranty of title; that by a decision of the supreme court of the state of Texas rendered in March, 1884 (*Schaeffer v. Berry*, 62 Tex., 705), opponents' title to said land was declared null, and state patents have been issued to other parties and they have been compelled to abandon it. They aver that they were in fact subrogated by their vendor, Horace Wright Cassidy, to the warranty of Henry Cassidy, ' whose covenant of warranty runs with the land, under the law of the state of Texas, and should protect petitioners,' and that the succession of Henry Cassidy is liable to them under the law of the state of Texas, against which opponents are entitled to recover on said obligation of warranty,"—the rule was stated in these words : " The rights and obligations of the parties to a sale executed in one state of real estate situated in another must be determined under the laws of the state in which the property is situated ;" and in the opinion it was said : " This brings us to the discussion of the con-

tested right of the opponents to sue as a warrantor, a remote vendor in the chain of titles, without first exercising their recourse against their immediate vendor. The sale by Henry Cassidy to Horace Wright Cassidy was executed in this state, and the deed of the latter to Spohn and Hamilton was executed in the state of Texas, and, as already stated, the lands which were the subject-matter of both contracts are situated in Texas. Hence it follows that the rights and obligations of the parties under both contracts are to be governed by the laws of Texas. This question was discussed and maturely considered in the case of the *Succession of Larendon*, 39 La. Ann., 952, 3 So. Rep., 219, in which the rule was formulated in the following language: ' The rights and obligations arising under acts passed in one state, to be executed in another, respecting the transfer of real estate in the latter, are regulated, in point of form, substance, and validity, by the laws of the state in which such acts are to have effect.' "

In *Tillotson v. Prichard*, 14 Atl. Rep. [Vt.], 302, the following rule is announced: " In an action of breach of covenant of warranty, where the grantor resided in Vermont, the grantee in New Hampshire, and the land was situated in Minnesota, the construction of the contract, including the rule as to damages, is governed by the law of Minnesota,"—and the further statement in the body of the opinion: " The covenant sought to be enforced was contained in a deed executed in Vermont; the grantor domiciled there, the grantees in New Hampshire. The land described in the deed was located in Minnesota. The question arises, by what law is the contract to be governed? The defendant insists (see brief, point 1) that the question 'must be decided according to Minnesota law,' and the plaintiff's counsel invoke the aid of that law upon the questions of the execution of the deed and the transitory character of the action. The contract, being one which could only be performed in Minnesota, the parties evidently

had in view the law of that state in reference to its execution. We think its construction and force, including the rule as to damages, must be governed by the law of that state. (2 Kent, Com., 459.) 'The law of the place where performance is to occur governs in respect to the validity and performance of contracts made in one state, but to be performed in another.' (Rorer, Interstate Law, 50.) 'Matters connected with * * * performance are regulated by the law prevailing at the place of performance.' (*Scudder v. Union Nat. Bank*, 91 U. S., 406, 413.)"

We are satisfied that the rule which allows the law of the state wherein the land is situated to prevail, and the covenant to be construed, in reference to whether it runs with the land, to be determined by such law, is consonant to or with the soundest and best reasoning, and hence we will adopt it. There is a further thought which moves us to this conclusion : If the other doctrine were held superior, if a tract of land was sold, and deed executed in Texas, then by the grantee conveyed by deed executed in New York, and thus through any number of conveyances, each in a different state from any other, there would arise many complications, and much confusion and uncertainty in the relief afforded the litigants under the covenants of the deeds, construed by the differing laws of the states on the subject,—in some running with the land and in others not; some parties being confined in the right of action to immediate grantors, others allowed to make a selection,— while, on the other hand, the rule which we are convinced will be productive of the best results, and more certainty of justice to litigants, will adjust the rights and administer relief to each and every one and all concerned, according to the same construction, the law of the state or place where the real estate is situate.

AFFIRMED.