SMITH v. INGRAM.

(Filed June 11, 1903.)

1. WARRANTY—*Covenants—Real Estate—Lex Rei Sitæ—Estoppel.*

    Where a covenant for title is regarded as an estoppel affecting the title, it must be governed by the law of the state in which the property is situated.

2. WARRANTY—*Covenants—Assignments.*

    A covenant of warranty in a void deed is of no avail to a remote grantee, there being no assignment thereof to him.

3. HUSBAND AND WIFE—*Estoppel—Warranty—Improvements.*

    A married woman who permits a grantee and subsequent grantees under a void deed from her to take possession of the land and make improvements thereon is not estopped thereby from recovering such land.

    CLARK, C. J., dissenting.

PETITION to rehear this case, reported in 130 N. C., 100.
Petition dismissed.

*Adams, Jerome & Armfield,* for the petitioner.
*McIver & Spence, Douglas & Simms,* and *J. A. Spence,* in
opposition.

WALKER, J.   This is a petition to rehear the above entitled
case which was decided at February term, 1902, and is re-
ported in 130 N. C., 100.   On the 21st day of January,
1878, the plaintiff being the owner of the land in controversy,
which is situated in this State, joined with her husband in
the execution of an unsealed paper-writing by which they
professed to convey the said land for a consideration received
by her to one Lindsay Hursey who afterwards conveyed to
the defendant A. Leach.   The other defendants claim their
shares in the land by *mesne* conveyances from Leach.

At the time of executing the paper-writing to Hursey the
plaintiff and her husband were citizens of the State of South
Carolina and were domiciled in that State and Hursey was
a citizen of this State and domiciled therein.   The paper-
writing was proved by witnesses, there being no acknowledge-
ment of it or privy examination of the wife.   There was a
general covenant of warranty in the deed.   By the Consti-
tution and Laws of South Carolina, in force at the time the
paper-writing was executed, a married woman could pur-
chase and convey real property as if she were unmarried,
and her deed to the same could be proved by witnesses with-
out privy examination and when thus proved and registered
was binding upon her.   The plaintiff's husband died since
this suit was brought.

It may be assumed that if the lands had been situated in
South Carolina the paper-writing executed by the plaintiff
to Lindsay Hursey was valid and effectual for the purpose

of passing the land to the latter, and further that the plaintiff according to the laws of that State would be bound by the covenant of warranty. But as the land is situated in this State, the transfer of it must be governed by our law. It seems to be conceded that the title to the land did not pass by the mere force and operation of the deed as a conveyance, but the defendants contend that the plaintiff is estopped by the deed and especially by the covenant of warranty to claim the land, as her covenant is valid and binding on her under the laws of South Carolina where she resided and had her domicile at the time she entered into it.

There is a marked difference between the validity of a covenant of warranty where the question is whether the covenantor is liable in damages for a breach of the covenant, treated as a mere personal contract, and its validity for the purpose of creating an estoppel against the covenantor to claim the land which he had sold and conveyed and the title to which he has warranted. In the one case, the remedy is by an action on the covenant which sounds only in damages, and in the other the covenant is considered, not as passing the estate, if we speak with technical accuracy, but as concluding the party, who has affirmed that he had the title at the time of the conveyance and has agreed to warrant and defend it, from afterwards disputing that fact, or from asserting a title in opposition to the one he professed to convey, but while the estoppel may not have the legal effect of transferring the title to the covenantor, it indirectly accomplishes that result. Whatever may be the rule with reference to the law governing the validity of a covenant considered as a personal contract, for the breach of which damages may be recovered, whether it is the law of the place where the property with reference to which the covenant is made is situated, or the law of the place of the contract, we need not decide in this

case, for it is sufficient for the purpose of this appeal to hold, as we must, that if the covenant is to be regarded as an estoppel affecting the title, it must be governed by the law of the State where the property is situated, and in this case by the law of this State. Minor's Conflict of Laws, Sec. 185; *Riley v. Burroughs,* 41 Neb., 296; Hill v. Shannon, 68 Ind., 470; *Tillotson v. Pritchard,* (Vt.), 6 Am. St. Rep., 95. Referring to this very question of the effect of a covenant of warranty, the court, in Succession of Larendon, 39 La. Ann., 952, says: "The rights and obligations arising under acts passed in one State to be executed in another, respecting the transfer of real estate in the latter, are regulated in point of form, substance and validity, by the laws of the State in which such acts are to have effect." The rule is said by the court to apply also to the determination of liability upon the covenant for damages.

If the question of estoppel is to be decided by the law of this State, as we hold it must necessarily be, it follows that it cannot have the effect, either directly by passing the estate or indirectly by concluding the plaintiff of preventing her recovery in this case. A ruling which would give to the covenant the force and effect the defendants contend it should have, would be in flagrant violation of the spirit and letter of our law in regard to the transfer of real property by married women. We will always in comity enforce the laws of another State, when the rights of the parties should be determined according to the place where the contract was made, or where the transactions, out of which those rights arose, took place; but we cannot enforce the laws of a foreign jurisdiction when they conflict with our own laws in a matter concerning property situated in this State. If we should say that the covenant works an estoppel which concludes the plaintiff and thereby divests her of the title to the property, we would decide in effect that she had done indirectly what she could

not do directly. "The wife cannot subject her separate real estate or any interest therein to any lien except by deed in which the husband joins, with privy examination as prescribed by law, and she will not be allowed to do indirectly what the law prohibits her doing directly." *Thurber v. LaRoque,* 105 N. C., 301. In *Drewry v. Foster,* 2 Wallace, 34, the court says, "To permit an estoppel to operate against her (a married woman) would be a virtual repeal of the statute which extends to her this protection, and also a denial of the disability of the common law that forbids the conveyance of her real estate by procuration. It would introduce into the law an entirely new system of, conveyance of the real property of *feme coverts.*"

The defendants cannot avail themselves of the covenant, because it was not made directly with them but with Hursey and there has been no assignment of the covenant by him to them. It is true that a covenant of warranty is in the nature of a real covenant and runs with the land, even though the word "assigns" is not mentioned therein. *Wiggins v. Pender,* at this term. But the defendants can take nothing by this principle as the deed of the plaintiff was absolutely void and the land, or more properly speaking the title or estate, did not pass and, of course the covenant cannot be said to have passed to the defendant with the land. The covenant of warranty is incident to the estate and as the defendants acquired no estate it follows that they derived no advantage in any way from the covenant. *Kercheval v. Triplett,* 1 Marsh. (Ky.), 493. If it is a binding covenant at all it is nothing more than a covenant in gross or one detached from the land and could not have passed to the defendants except by an assignment. When the deed of a married woman fails as a conveyance because of the non-joinder of her husband or for any other reason, it is ineffectual for all purposes and cannot be relied upon as an estoppel or ground for recovery

in any subsequent controversy. Herman on Estoppel, Sec. 581. In *Lowell v. Daniels,* 68 Mass., 168; 61 Am. Dec., 448, the court, discussing this question, says: "She can make no valid contract in relation to her estate. Her separate deed of it is absolutely void. Any covenants in such separate deed would be likewise void. If she were to covenant that she was sole, was seized in her own right and had full power to convey, such covenant would avail the grantee nothing. She could neither be sued upon them nor estopped by them. The law has rendered her incapable of such contract, and she finds in her incapacity her protection; her safety in her weakness. Her most solemn acts, done in good faith and for full consideration can not affect her interest in the estate or that of the husband and children." See also *Pierce v. Chase,* 108 Mass., 254. In *Harden v. Darwin,* 77 Ala., 481, it is said by the court: "It has been uniformly held that a married woman is not estopped from asserting the invalidity of a conveyance of her property, not executed in the mode required by the statute, though she has received a valuable consideration, and her vendee has been let into possession; and that a court of equity will not enforce it against her, as an agreement to convey." *Railroad v. Stephens,* 96 Ky., 401; 49 Am. St. Rep., 303. The covenant binds the covenantor to warrant and defend the title which passes by the deed and to answer in damages if the title fail or proves defective. It relates to the title or estate of the covenantor, which he undertakes to convey and not to the validity of the deed by which it is transferred. The purchaser is presumed to know that a married woman is not bound by a deed without her privy examination, and if he takes a conveyance imperfectly executed or acknowledged by her, it is his own misfortune if not his fault. *Towles v. Fisher,* 77 N. C., 437. We think the principles laid down in this court in *Williams v. Walker,* 111 N. C., 604, are conclusive against the defend-

ants in this case. While the precise question we are dis-
cussing was not involved in that case, it affords a perfect
analogy for our guidance and is sufficient in all respects to
sustain our decision on this rehearing. In the case of *Collins
v. Benbury*, 25 N. C., 285; 38 Am. Dec., 722, it was held by
this court, that a conveyance which failed to pass the land
and was merely void could not operate as an estoppel, and
this must needs be so.

The defendants further contend that plaintiff is estopped
by her act in permitting Hursey and the defendant to take
possession of the land and make valuable improvements
thereon. We have not been able to find anything in the
record upon which they can base this contention, but if there
were facts sufficient for that purpose, we would be unable to
agree with the defendant. A married woman is no more
estopped by her acts *in pais* than by her covenant of war-
ranty. This court has said that no one can reasonably rely
upon the acts and representations of a married woman, at
least those which are contractual in their nature, as he must
know that she is not bound thereby, and "it is only in the
case of a pure tort, altogether disconnected with the contract,
that an estoppel against her can operate." *Towles v. Fisher*,
77 N. C., 438; *Scott v. Battle*, 85 N. C., 184; 39 Am. Rep.,
694; *Williams v. Walker*, 111 N. C., 604; *Railroad v. Mc-
Caskill*, 94 N. C., 746.

We have examined with care the authorities to which our
attention has been called and do not think that they support
the contention of the petitioner as to the estoppel arising from
the covenant of warranty. We make special reference to two
of them. In the case of *Railroad v. Conklin*, 29 N. Y., 587,
the question as to the valid execution of the deed was not
raised, but the point was whether the words of the deed were
sufficient to operate as a conveyance of the property and the
court held that if they were not resort could be had to the

covenant of warranty as containing sufficient words for that purpose. The grantor was *sui juris.* In *Basford v. Pearson,* 89 Mass., 504, there was no reference to an estoppel as the action was brought to recover damages for a breach of the covenant. The question in our case is not whether Mrs. Smith is liable for damages upon the covenant, but whether she is estopped from claiming the land.

We have given this case most anxious thought and consideration not only because of the interesting and important questions involved, but because of the great hardship and apparent injustice the defendants may suffer as the result of our decision based upon the application of fixed legal principles to their case.

Whether the defendants can have equitable relief is a question not now before us for adjudication. Such relief has been granted in a case closely resembling this in its facts and circumstances. In that case the court fully recognized the invalidity of a deed executed by a married woman and based its decision upon the ground that the right to equitable relief or to compensation for improvements to the extent that they had enhanced the value of the land did not involve the enforcement of a contract either directly or indirectly, but simply denied to her the use and enjoyment of property for which she had paid nothing and which she acquired by the repudiation of her deed. *Preston v. Brown,* 35 Ohio St., 18. Whether this is a correct principle and the case just cited and others of a like tenor are in accord with our decisions and should be followed by us is a question which if it should ever arise we will leave open for future consideration and entirely free from any expression or even intimation of opinion by us.

However much we may regret the unfortunate situation of the defendants we can not grant them any relief as the matter is now presented without abrogating well settled principles and violating the plain provisions of our statute, the enforce-

ment of which is obligatory upon us.   After careful examination of the case we can find no error in the former decision of this court.

Petition Dismissed.

CLARK, C. J., dissenting.   Refers, without repeating them, to the views expressed in the dissenting opinion at the former hearing, *Smith v. Ingram,* 130 N. C., 108-115, and to the opinion of the court in *Wood v. Wheeler,* 111 N. C., 231, and *Taylor v. Sharp,* 108 N. C., 377.   Also to what is said in the concurring opinion in *Vann v. Edwards,* 128 N. C., pp. 425-435, and the dissent (concurred in by two members of the court) in *Williams v. Walker,* 111 N. C., p. 613.   There are some decisions of this court as to the rights of married women which are hard to be reconciled with the liberal provisions of Section 6, Article X, of the Constitution, which has been owing doubtless to the fact that the judges who occupied this bench in the years first succeeding its adoption, had been thoroughly imbued with the common law ideas as to the incapacity of married women and the failure of the Legislature to change the language of one or two provisions in statutes which had been passed in conformity with the former Constitution, but which are repugnant both to the spirit and the letter of the present Constitution. This has not escaped the notice of the court in *Bank v. Howell,* 118 N. C., 273; *Finger v. Hunter,* 130 N. C., 529, and other cases, and has been discussed in the dissenting opinion in *Weathers v. Borders,* 124 N. C., 615-619, and *Walton v. Bristol,* 125 N. C., pp. 426, 432, to which reference is made without repeating what is there said.

By Chapter 78, Laws 1899, the General Assembly took married women out of the class of incompetents and from the companionship of "infants, idiots, lunatics and convicts," in which they had been placed by the Statute of Limitations

(The Code, Secs. 148 and 163), and a further approximation to the Constitution was made by Chap. 617, Laws 1901. *Finger v. Hunter*, 130 N. C., 529. The Constitution, Article X, Section 6, in its terms would take them out of the class of those *non sui juris* in all respects, as has been done in England (where the conception of these disabilities first arose) and in so many of the States of this Union, among them our neighboring States, Virginia and South Carolina, in which last this contract was made.

The majority of the court being of opinion that the plaintiff should recover back this land it would seem elementary justice and equity that she should pay for the betterments placed thereon, *Thurber v. LaRoque*, 105 N. C., 301, and indeed should render compensation for the enhanced value of the land, *Railroad v. McCaskill*, 98 N. C., 526; *Preston v. Brown*, 35 Ohio St., 18, though these matters are not now before us. Certainly this should be so here, for the plaintiff received the money for the land under a contract made while residing in a State where she was *sui juris,* and liable upon her contracts as if a *feme sole*. Upon her repudiation of the conveyance, she should not profit by her breach of contract, but should be held liable for the damage caused thereby, like all others who are *sui juris*.

She sold the land living where she had the unrestricted right to sell it, and received the agreed price, $130, her husband joining in the deed. She now wishes to recover the town of Star which has been built upon the land, with all the houses and other improvements placed upon it and benefitting further by the enhanced value given to the land, upon the technical ground that her privy examination was not taken when as a matter of fact, the sale was her free act and deed and she has acquiesced in such sale since 1878, when it was made. There is not a tittle of evidence nor any suggestion even that she did not understandingly and wittingly

make the sale of her own will and it was the law at the place of contract that she could make this sale even without the consent of her husband—though this was had.   Should she recover the land under these circumstances, she should account for betterments and enhanced value and receive back the land, only after paying the value of these additions and returning the $130.   Burns v. McGregor, 90 N. C., 222.