CARTER *v.* GENERAL AMERICAN LIFE INSURANCE COMPANY.

[No. 27,486.   Filed March 26, 1941.]

*Anderson & Hicks,* of Gary, for appellant.

*Bomberger, Peters & Morthland,* of Hammond, for appellee.

RICHMAN, J.—We are asked by this appeal to determine whether appellant shall pay certain items of costs, the total amount in dispute being approximately $100. Attention is called to that part of the opinion in *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399, 406, dealing with the subject of appeals in cases where only small sums and no other substantial issues are involved, to which we may add that appeals such as this are not to be encouraged.

Upon appellee's motion to dismiss we have found it necessary to examine the record. The appeal is too late if it is based upon the judgment dismissing the principal action wherein costs were adjudged against appellant. But appellant expressly states that the motion to retax costs started a new action. With the possible exception of two docket fees totaling $4.00, each specification of the motion presents a question of fact. There was a trial, with introduction of documentary evidence and oral testimony, after which an order was entered sustaining two and overruling the remaining specifications and directing the clerk to retax costs accordingly. This then is the judgment from which the appeal is taken.

There was no motion for a new trial. None perhaps would have been necessary if there had been a special finding of facts as in *Hill* v. *Shannon* (1879), 68 Ind. 470, where error was assigned on exceptions to conclusions of law. In *Wilson* v. *Jenkins* (1897), 147 Ind. 533, 46 N. E. 889, the only other case cited by appellant wherein an appeal was allowed from a similar order, the record shows the filing and overruling of a motion for new trial alleging that the decision was not sustained by sufficient evidence and was contrary to law. In the absence of such a motion we are not required to look to the evidence but may assume that the trial court

reached the correct conclusion therefrom. As to the docket fees, de minimis non curat lex.

While appellee urges that there can be no appeal where only costs are involved, without foreclosing that question by action upon appellee's motion to dismiss, we prefer to and do affirm the judgment.

NOTE.—Reported in 32 N. E. (2d) 700.